# UNITED STATES COURT OF APPEALS
# FOR THE FIRST CIRCUIT

**Appeal No. 16-1567**

**UNITED STATES OF AMERICA,**
Appellant

v.

**ALEX LEVIN,**
Defendant-Appellee

**GOVERNMENT'S MOTION FOR ORDER EXTENDING THE TIME
—TO SEPTEMBER 26, 2016—
FOR FILING ITS OPENING BRIEF AND APPENDIX**

The government respectfully moves this Court to enter an order extending the due date for its opening brief and appendix by an additional 31 days, **to September 26, 2016.** In support of this motion, the government states the following:

1. This is the government's appeal from the district court's (Young, J.) April 20, 2016 Memorandum & Order suppressing evidence to be used in the trial against the defendant, Alex Levin (D.69, docketed on April 20, 2016); from the court's May 5, 2016 Amended Memorandum & Order (D.82, docketed on May 5, 2016); and from the court's May 17, 2016 denial of the government's motion for reconsideration (D.88, docketed on May 17, 2016).

2. The government's opening brief and appendix are currently due on August 26, 2016. This is the government's second request for an extension of time.

3. Only the Solicitor General of the United States may decide whether, and to what extent, an appeal may be taken. *See* 28 C.F.R. §0.20(b) (2012) (providing that the Solicitor General must decide whether, and to what extent, an appeal, mandamus, or petition for rehearing *en banc* may be taken).[1] *See also* 18 U.S.C. §3742 (barring prosecution of a sentencing appeal "without the personal approval of the Attorney General, the Solicitor General, or a deputy solicitor general designated by the Solicitor General."). Not surprisingly, the Solicitor General makes this important decision only after the

---

[1] The Code of Federal Regulation provides, in pertinent part:

> The following-described matters are assigned to, and shall be conducted, handled, or supervised by, the Solicitor General, in consultation with each agency or official concerned:
>
> * * *
>
> (b) Determining whether, and to what extent, appeals will be taken by the Government to all appellate courts (including petitions for rehearing *en banc* and petitions to such courts for the issuance of extraordinary writs) and, in accordance with §0.163, advising on the approval of settlements of cases in which he had determined that an appeal would be taken.
>
> * * *

issues presented by an adverse decision are considered thoroughly by a number of people at many levels of review, including several layers of review within the United States Attorney's Office, the Department of Justice's Criminal Appellate Section, and the Solicitor General's Office. This thoughtful and comprehensive vetting process is critical for all involved in ensuring that the government's decisions about what cases to appeal or not to appeal, and what issues to present in any appeal, are prudent ones.

4. This review process is not complete. Additional time is needed to complete the process and to ensure that the United States Attorney's Office has the benefit of any insights of the Department of Justice and Solicitor General in the event an appeal is authorized and a brief is drafted.

For these reasons, the government respectfully requests that the Court allow this motion and extend the time within which the government must file its opening brief and appendix to September 26, 2016.

Respectfully submitted,

CARMEN M. ORTIZ
United States Attorney

By: /s/ *Kelly Begg Lawrence*
KELLY BEGG LAWRENCE
Assistant U.S. Attorney

3

## Certificate of Service

      I, Kelly Begg Lawrence, AUSA, hereby certify that on August 16, 2016, I electronically served a copy of the foregoing document on the following registered participant of the CM/ECF system: J. W. Carney Jr., Esq., 20 Park Plaza, Suite 1405, Boston, MA 02116.

                                    /s/ *Kelly Begg Lawrence*
                                    KELLY BEGG LAWRENCE
                                    Assistant U.S. Attorney