

U.S. Department of Justice

**William D. Weinreb**
*Acting United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

May 4, 2017

<u>Filed Electronically</u>

Margaret Carter, Esq.
Clerk of Court
Court of Appeals for the First Circuit
John Joseph Moakley United States Courthouse
One Courthouse Way, Suite 2500
Boston, Massachusetts 02210

      **Re:**    *United States v. Levin*
              **Appeal No. 16-1567**

Dear Ms. Carter:

      This case was argued on May 3, 2017, before a panel of Judges Torruella, Selya, and Lynch. I write pursuant to FRAP 28(j) to respond to a question asked at oral argument.

      During argument, the Court asked whether case law from the Supreme Court or this Court supported the government's assertion that the Court need not make a separate ruling on particularity if it found the conditions of the good-faith doctrine satisfied. The government cited *United States v. Leon*, 468 U.S. 897, 925 (1984), which involved a warrant lacking probable cause, but which also stated in dicta that courts asked to resolve "a particular Fourth Amendment question" may "exercise an informed discretion in making [the] choice" either to "turn[] immediately to a consideration of the officers' good faith" or to "evaluate the officers' good faith only after finding a violation."

      This Court has exercised such discretion to bypass the merits of a particularity claim and turn immediately to good faith. *United States v. Woodbury*, 511 F.3d 93, 99 (2007) ("We need not address Woodbury's particularity arguments because we find that the *Leon* good faith exception applies."). This Court has also first considered whether the warrant was sufficiently particular before evaluating the officers' good faith. *United States v. Kuc*, 737 F.3d 129, 134 (1st Cir. 2013) (finding warrant sufficiently particular and, regardless, good-faith

exception applied); *United States v. Diaz*, 841 F.2d 1, 6 (1st Cir. 1988) (finding warrant overbroad as to some items to be seized, but suppression not required under good-faith exception).

As the government acknowledged at argument, particularity may bear on the presence or absence of good faith. *Leon*, 568 U.S. at 923 ("a warrant may be so facially deficient—*i.e.*, in failing to particularize the place to be searched or things to be seized—that the executing officers cannot reasonably presume it to be valid"). To the extent the Court considers particularity in this case—whether in a separate ruling on the merits, or as a factor in the good-faith analysis, or both—the government maintains, for the reasons stated in the briefs and at argument, that the NIT Warrant met the Fourth Amendment's particularity requirement.

        Respectfully submitted,

        WILLIAM D. WEINREB
        Acting United States Attorney

By:   */s/ Kelly Begg Lawrence*
      KELLY BEGG LAWRENCE
      Assistant U.S. Attorney

cc:   J. W. Carney, Jr., Esq.
      Nathaniel Dolcort-Silver, Esq.
      J. W. Carney, Jr. & Associates
      20 Park Plaza, Suite 1405
      Boston, MA 02116